**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHEN LI, | No. 07-73845 |
| Petitioner, | Agency No. A097-332-073 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Zhen Li, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Li claims she suffered past persecution and fears future persecution on account of her sexual orientation. Substantial evidence supports the agency's determination that Li did not establish past persecution based on her sole detention, where the police did not charge her, issue a fine, physically harm her, or threaten her with physical harm. *See id.* at 936. Substantial evidence also supports the agency's determination that Li failed to establish a well-founded fear of persecution, because she failed to demonstrate an objective basis for her fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).

Because Li did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Li failed to show that it is more likely than not that she would be tortured if removed to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.